

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# Liang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liang v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3394
_____

YAN DONG LIANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-856-099)
Immigration Judge:  Honorable Donald Vincent Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2009
Before: MCKEE, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 26, 2009)
_____

OPINION
_____

PER CURIAM

        Yan Dong Liang, a citizen of the People's Republic of China, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.  For

the following reasons, we will deny the petition.

I.

Liang applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in October 2002, claiming that he had been persecuted for violating China's family planning policies. At Liang's 2004 removal proceeding, the Immigration Judge ("IJ") determined that, because Liang could not establish when he entered the United States, he could not demonstrate that he filed his asylum application within the required one-year statute of limitation. See 8 U.S.C. § 1158(a)(2)(B). The IJ thus only considered Liang's claims for withholding of removal and CAT relief, which he denied because Liang's documentation lacked authentication and because he found Liang not credible. The BIA dismissed Liang's appeal on September 15, 2005. Liang did not file a petition for review from that decision.

Two and one-half years later, on March 24, 2008, Liang filed a motion to reopen, arguing that he met an exception to the ninety-day statute of limitation for such motions. See 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. 1003.2(c)(3)(ii). He claimed that he joined the U.S.-based China Peace and Democracy Foundation ("CPDF") in 2007. In support, he submitted documents purportedly showing that Chinese officials were aware of his membership and participation in the CPDF, and that they would persecute him on this basis. Although Liang did not attempt to file a successive asylum petition, he claimed that he was eligible for asylum due to his membership in the CPDF.

The BIA dismissed the motion to reopen as untimely after determining that Liang

was not eligible for an exception to the statute of limitation based on changed conditions in China, as his CPDF membership constituted a change in personal circumstances that does not create an exception to the time limit.  See 8 C.F.R. § 1003.2(c)(3)(ii).  The BIA also explained that Liang could not establish a likelihood of success on the merits of his proposed asylum claim because he did not submit credible, authentic evidence that the Chinese government is aware of or seeks to persecute him.  The BIA based this assessment of his evidence, at least in part, on the IJ's 2004 adverse credibility determination

Liang seeks review in this Court of the BIA's denial of his motion to reopen.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the BIA's order for an abuse of discretion.[1]  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  Under this standard, the BIA's decision will be reversed only if it is "arbitrary, irrational, or contrary to law."  Id.

The BIA denied Liang's motion to reopen because it was untimely and because Liang did not meet any exception to the ninety-day statute of limitation.  See 8 C.F.R. § 1003.2(c)(2) (motions to reopen must be filed within ninety days of a final order).  This decision is not an abuse of discretion.  Liang's motion was indisputably untimely, as it

---

[1]     To the extent that Liang claims that the BIA erred by refusing to sua sponte reopen the proceedings, we are without jurisdiction to entertain any such challenge.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2005).

was filed over two years after the BIA dismissed his appeal. Liang did not contest the tardiness of his motion; he did, however, assert that it fell within the exception of 8 C.F.R. 1003.2(c)(3)(ii), which permits reopening "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

In support of his motion, Liang offered documents concerning the likelihood that he would be persecuted in China based on his membership and participation in the CPDF. In particular, he introduced a letter from his wife stating that Chinese officials were looking for him due to his membership in a "counter-revolutionary group," and he submitted a letter from the CPDF's leader stating that other members of the group have been persecuted upon their return to China. He did not, however, introduce any evidence that indicated that the Chinese government currently treats members of "counter-revolutionary" groups more harshly than it did when he submitted his first asylum application. The BIA thus properly rejected his claim for failure to demonstrate a material change of circumstances in China. See id. We agree with the BIA that the evidence that Liang provided demonstrates only a change in Liang's personal circumstances, and not a change in the circumstances arising in the country of removal.[2]

---

[2] Although Liang did not file a successive asylum application, the BIA discussed why his proposed claim for asylum would not succeed on the merits. In particular, the BIA stated that Liang did not submit credible or authentic evidence that would establish a likelihood of success on the merits of the petition. The BIA "reiterated" that at the 2004 removal proceedings the IJ had found Liang's entire

4

Liang thus failed to demonstrate that he qualified for an exception to the ninety-day time limit for motions to reopen.

Accordingly, after a careful review of the record, we conclude that the BIA did not abuse its discretion in denying Liang's motion to reopen, and we will deny his petition for review.

_____

testimony to be not credible, and stated that Liang had not presented any evidence in concert with his motion to reopen that would overcome that finding. Liang correctly argues that it is improper to base the denial of a successive asylum application on an initial credibility determination when the basis for the initial determination is unrelated to the new claim. See Guo v. Ashcroft, 386 F.3d 556, 562-63 (3d Cir. 2004). Nevertheless, the BIA's statements do not provide reason to grant Liang's petition for review because the basis for the BIA's denial of the motion to reopen was that the motion was untimely. The discussion of the credibility finding as it relates to a successive asylum application that Liang never filed is immaterial to the disposition of the motion to reopen.